**MEMO ENDORSED**



THE CITY OF NEW YORK

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

RAJU SUNDARAN
*Assistant Corporation Counsel*
Telephone: 212-788-0467
Facsimile: 212-788-9776
rsundaro@law.nyc.gov

**TIME SENSITIVE APPLICATION**

October 9, 2007

**VIA FACSIMILE**

LEAD CASE
04 CIV 7922
(RJS)(JCF)

The Honorable James C. Francis IV
United States Magistrate Judge
Daniel Patrick Moynihan
  United States Courthouse
500 Pearl Street - Room 1960
New York, New York 10007-1312

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/11/07

Re:   *Brookshaw v. City of New York, et al.*
      07 Civ. 7495 (~~KMK~~)(JCF) (RJS)
      *Neef v. City of New York, et al.*
      07 Civ. 7677 (~~KMK~~)(JCF) (RJS)
      *Schramm v. City of New York, et al.*
      07 Civ. 7494 (~~KMK~~)(JCF) (RJS)
      *Tobis v. The City of New York, et al.*
      07 Civ. 7741 (RJS)(JCF)

DOCKET IN ALL CASES

Dear Judge Francis:

   I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for defendant City of New York. I write with respect to the above-referenced matters, which are newly filed RNC related cases and in which plaintiffs allege, among other things, that defendants falsely arrested them, maliciously prosecuted them and used excessive force against them. Defendants respectfully request an extension of time up to and including December 11, 2007 to respond to plaintiffs' complaints. Defendants' answers are due on or about October 11, 2007. This is defendants' first request for an extension of time. Plaintiffs' counsel has refused to consent to defendants' enlargement request.

   There are several reasons defendants seek an enlargement of time. It is our understanding that the records of the underlying criminal action (including the criminal court file, the entirety of the District Attorney's file, etc.) may have been sealed pursuant to New York Criminal Procedure Law § 160.50, and have not been previously ordered to be disclosed in the

RNC consolidated discovery. Therefore, this office is in the process of forwarding to plaintiffs for execution a consent and authorization for the release of sealed records so that defendants can access the information, properly assess the case, and respond to the complaints. Plaintiffs have also alleged physical and mental injury as a result of the events complained of, this office is in the process of forwarding to plaintiffs for execution a consent and authorization for the release of medical and psychological records, so that defendants can properly assess the case and respond to the complaint.

Additionally, upon information and belief, all of the named individual officer defendants were not served with a summons and complaint in this action. This office has not discussed with these defendants the manner of service, and we make no representation herein as to the adequacy of process on these defendants. Although this office does not currently represent all of the individually named officers in these actions, and assuming they were each properly served, this office respectfully requests this extension on each of their behalf, so that their defenses are not jeopardized while representational issues are being decided. *See Mercurio v. The City of New York, et al.*, 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting *Williams v. City of New York, et al.*, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

Finally, several of the claims asserted by plaintiffs in these new actions are identical to claims that other RNC plaintiffs have sought to add to their amended complaints. Defendants are opposing those amendments and our opposition papers are due on October 19th. We anticipate that our opposition will apply equally to at least one of the claims in these new actions. Granting the extension of time to answer here will allow us to brief this issue one time and conserve judicial resources.

If this meets with the Court's approval, would you please "so order" it? Thank you for your time and consideration.

Respectfully submitted,

Raju Sundaran (RS 8011)

cc:   Clare Norins, Esq. (via Facsimile)

10/11/07

The time to answer is extended to November 15, 2007, provided that the defendants immediately begin participating in discovery.    SO ORDERED.

James C. Francis IV
USMJ