UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

CRAIG ANDREW NEEF,

                                          Plaintiff,

                    -against-

THE CITY OF NEW YORK, a municipal entity,
MICHAEL BLOOMBERG, Mayor of the City of New
York, RAYMOND KELLY, New York City Police
Commissioner, DAVID COHEN, JOSEPH ESPOSITO,
THOMAS GRAHAM, JOHN COLGAN, STEPHEN
HAMMERMAN, THOMAS DOEPFNER, RUBY
MARIN-JORDAN, JACK MCMANUS, Sergeant SEAN
O'CONNOR, NYPD P.O. RICHARD GIOIA,
UNDERCOVER POLICE OFFICER SHIELD NO. 2406,
KEVIN WARD, THOMAS DIRUSSO, RUSSELL JOHN,
JOHN DOES 1-10, and RICHARD ROES 1-10,

                                          Defendants.

------------------------------------------------------------------------x

**ANSWER**

07 CV 7677 (RJS)(JCF)

**ECF CASE**

         Defendants The City of New York, Michael Bloomberg, Raymond Kelly, David Cohen,

Joseph Esposito, Thomas Graham, John Colgan, Stephen Hammerman, Thomas Doepfner, Ruby

Marin-Jordan, Jack McManus, Sean O'Connor, Richard Gioia, Kevin Ward, Thomas DiRusso,

and Russel John (hereinafter "defendants") by their attorney, Michael A. Cardozo, Corporation

Counsel for the City of New York, for their answer to plaintiff's Complaint (the "Complaint")

respectfully allege as follows:

## AS TO THE "PRELIMINARY STATEMENT"

         1.         Deny the allegations contained in paragraph 1 of the Complaint, except admit that

plaintiff purports to bring this action as stated therein.

         2.         Deny the allegations contained in paragraph 2 of the Complaint.

         3.         Deny the allegations contained in paragraph 3 of the Complaint, except admit that

plaintiff purports to seek the relief stated therein.

## AS TO "JURISDICTION"

4. Deny the allegations contained in paragraph 4 of the Complaint, except admit that plaintiff purports to bring this action pursuant to the statutory and constitutional authority cited therein.

5. Deny the allegations contained in paragraph 5 of the Complaint, except admit that plaintiff purports to bring this action pursuant to the statutory and constitutional authority cited therein.

## AS TO "VENUE"

6. Deny the allegation contained in paragraph 6 of the Complaint, except admit that plaintiff purports to lay venue in this District.

## AS TO THE "JURY DEMAND"

7. No response is required to plaintiff's jury demand contained in paragraph 7 of the Complaint, but if a response is deemed required, deny the allegations set forth in paragraph 7 of the Complaint, except admit that plaintiff purports to seek a trial by jury

## AS TO "PARTIES"

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint.

9. Deny the allegations set forth in paragraph 9 of the Complaint, except admit that the City of New York is a municipal corporation duly organized and operating under the laws of the State of New York, and that it maintains a police department.

10. Deny the allegations set forth in paragraph 10 of the Complaint, except admit that Michael Bloomberg is the Mayor of New York City.

11. Deny the allegations set forth in paragraph 11 of the Complaint, except admit that Raymond Kelly is employed by the City of New York as the Police Commissioner for the New York City Police Department.

12.     Deny the allegations set forth in paragraph 12 of the Complaint, except admit that David Cohen is employed by the City of New York as the Deputy Commissioner for Intelligence for the New York City Police Department.

13.     Deny the allegations set forth in paragraph 13 of the Complaint, except admit that Joseph Esposito is employed by the City of New York as the Chief of Department for the New York City Police Department.

14.     Deny the allegations set forth in paragraph 14 of the Complaint, except admit that Thomas Graham is employed by the City of New York as the Commander of the Disorder Control Unit for the New York City Police Department.

15.     Deny the allegations set forth in paragraph 15 of the Complaint, except admit that John J. Colgan is employed by the City of New York as a Chief for the New York City Police Department.

16.     Deny the allegations set forth in paragraph 16 of the Complaint, except admit that Stephen Hammerman was employed by the City of New York as the Deputy Commissioner for Legal Matters for the New York City Police Department.

17.     Deny the allegations set forth in paragraph 17 of the Complaint, except admit that Thomas Doepfner is employed by the City of New York as the Assistant Deputy Commissioner for Legal Matters for the New York City Police Department.

18.     Deny the allegations set forth in paragraph 18 of the Complaint, except admit that Ruby Marin-Jordan is employed by the City of New York as Special Counsel for the New York City Police Department.

19.     Deny the allegations set forth in paragraph 19 of the Complaint, except admit that Jack McManus was employed by the City of New York as an Assistant Chief for the New York City Police Department.

20.     Deny the allegations set forth in paragraph 20 of the Complaint, except admit that Sean O'Connor is employed by the New York City Police Department.

21.     Deny the allegations set forth in paragraph 21 of the Complaint, except admit that Richard Gioia is employed by the New York City Police Department.

22.     Deny the allegations set forth in paragraph 22 of the Complaint, except admit that Shield No. 2406 belongs to a NYPD officer.

23.     Deny the allegations set forth in paragraph 23 of the Complaint, except admit that Kevin Ward is employed by the New York City Police Department.

24.     Deny the allegations set forth in paragraph 24 of the Complaint, except admit that Thomas DiRusso is employed by the New York City Police Department.

25.     Deny the allegations set forth in paragraph 25 of the Complaint, except admit that Russell John is employed by the New York City Police Department.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint.

27.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Complaint.

28.     Deny the allegations set forth in paragraph 28 of the Complaint.

29.     Deny the allegations set forth in paragraph 29 of the Complaint.

30.     Deny the allegations set forth in paragraph 30 of the Complaint.

## AS TO THE "FACTS"

31.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Complaint.

32.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Complaint.

33.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the Complaint.

34.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the Complaint.

35.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the Complaint.

36.    Deny the allegations set forth in paragraph 36 of the Complaint.

37.    Deny the allegations set forth in paragraph 37 of the Complaint.

38.    Deny the allegations set forth in paragraph 38 of the Complaint.

39.    Deny the allegations set forth in paragraph 39 of the Complaint.

40.    Deny the allegations set forth in paragraph 40 of the Complaint.

41.    Deny the allegations set forth in paragraph 41 of the Complaint.

42.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the Complaint.

43.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 of the Complaint.

44.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of the Complaint.

45.    Deny the allegations set forth in paragraph 45 of the Complaint, except admit that plaintiff was transported to Pier 57 prior to being taken to Central Booking.

46.    Deny the allegations set forth in paragraph 46 of the Complaint.

47.    Deny the allegations set forth in paragraph 47 of the Complaint.

48.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48 of the Complaint.

49.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 49 of the Complaint.

50.    Deny the allegations set forth in paragraph 50 of the Complaint.

51.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51 of the Complaint.

52.    Deny the allegations set forth in paragraph 52 of the Complaint.

53.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 53 of the Complaint.

54.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 54 of the Complaint.

55.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 55 of the Complaint.

56.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 56 of the Complaint.

57.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 57 of the Complaint.

58.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 58 of the Complaint.

59.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 59 of the Complaint.

60.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 60 of the Complaint.

61.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 61 of the Complaint.

62.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 62 of the Complaint.

63.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 63 of the Complaint.

64.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 64 of the Complaint.

65.     Deny the allegations set forth in paragraph 65 of the Complaint.

66.     Deny the allegations set forth in paragraph 66 of the Complaint.

67.     Deny the allegations set forth in paragraph 67 of the Complaint.

68.     Deny the allegations set forth in paragraph 68 of the Complaint.

69.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 69 of the Complaint.

70.     Deny the allegations set forth in paragraph 70 of the Complaint except admit that plaintiff was transported to Pier 57 and then to 125 White Street.

71.     Deny the allegations set forth in paragraph 71 of the Complaint.

72.     Deny the allegations set forth in paragraph 72 of the Complaint.

73.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 73 of the Complaint.

74.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51 of the Complaint.

75.     Deny the allegations set forth in paragraph 75 of the Complaint.

76.     Deny the allegations set forth in paragraph 76 of the Complaint.

77.     Deny the allegations set forth in paragraph 77 of the Complaint.

78.     Deny the allegations set forth in paragraph 78 of the Complaint.

79.     Deny the allegations set forth in paragraph 79 of the Complaint.

80.    Deny the allegations set forth in paragraph 80 of the Complaint.

81.    Deny the allegations set forth in paragraph 81 of the Complaint except state that the document referred to therein speaks for itself.

82.    Deny the allegations set forth in paragraph 82 of the Complaint except state that the document referred to therein speaks for itself

83.    Deny the allegations set forth in paragraph 83 of the Complaint, except admit that the City of New York entered into an agreement  with the Hudson River Park Trust for the use of a portion of Pier 57 during the RNC.

84.    Deny the allegations set forth in paragraph 84 of the Complaint, except admit that the portion of  Pier 57 that was used for arrest processing was equipped with toilets, water coolers, and other amenities for the use of those being processed there.

85.    Deny the allegations set forth in paragraph 85 of the Complaint.

86.    Deny the allegations set forth in paragraph 86 of the Complaint.

87.    Deny the allegations set forth in paragraph 87 of the Complaint.

88.    Deny the allegations set forth in paragraph 88 of the Complaint.

89.    Deny the allegations set forth in paragraph 89 of the Complaint.

90.    Deny the allegations set forth in paragraph 90 of the Complaint.

91.    Deny the allegations set forth in paragraph 91 of the Complaint.

92.    Deny the allegations set forth in paragraph 92 of the Complaint.

93.    Deny the allegations set forth in paragraph 93 of the Complaint.

94.    Deny the allegations set forth in paragraph 94 of the Complaint.

95.    Deny the allegations set forth in paragraph 95 of the Complaint.

## AS TO THE "FIRST CAUSE OF ACTION"

96.    In response to the allegations set forth in paragraph 96 of the Complaint, defendants repeat and re-allege all of the preceding paragraphs of the answer, as if fully set forth herein.

97.    Deny the allegations set forth in paragraph 97 of the Complaint.

98.    Deny the allegations set forth in paragraph 98 of the Complaint.

## AS TO THE "SECOND CAUSE OF ACTION"

99.    In response to the allegations set forth in paragraph 99 of the Complaint, defendants repeat and re-allege all of the preceding paragraphs of the answer, as if fully set forth herein.

100.    Deny the allegations set forth in paragraph 100 of the Complaint.

101.    Deny the allegations set forth in paragraph 101 of the Complaint.

## AS TO THE "THIRD CAUSE OF ACTION"

102.    In response to the allegations set forth in paragraph 102 of the Complaint, defendants repeat and re-allege all of the preceding paragraphs of the answer, as if fully set forth herein.

103.    Deny the allegations set forth in paragraph 103 of the Complaint.

104.    Deny the allegations set forth in paragraph 104 of the Complaint.

## AS TO THE "FOURTH CAUSE OF ACTION"

105.    In response to the allegations set forth in paragraph 105 of the Complaint, defendants repeat and re-allege all of the preceding paragraphs of the answer, as if fully set forth herein.

106.    Deny the allegations set forth in paragraph 106 of the Complaint.

107.    Deny the allegations set forth in paragraph 107 of the Complaint.

## AS TO THE "FIFTH CAUSE OF ACTION"

108.    In response to the allegations set forth in paragraph 108 of the Complaint, defendants repeat and re-allege all of the preceding paragraphs of the answer, as if fully set forth herein.

109.    Deny the allegations set forth in paragraph 109 of the Complaint.

110.    Deny the allegations set forth in paragraph 110 of the Complaint.

## AS TO THE "SIXTH CAUSE OF ACTION"

111.    No response is required to paragraph 111 of the Complaint, but if a response is deemed required, state that the New York City Administrative Code speaks for itself.

112.    No response is required to paragraph 112 of the Complaint, but if a response is deemed required, state that the documents referred to therein speak for themselves.

113.    Deny the allegations set forth in paragraph 113 of the Complaint.

114.    Deny the allegations set forth in paragraph 114 of the Complaint.

115.    Deny the allegations set forth in paragraph 115 of the Complaint.

116.    Deny the allegations set forth in paragraph 116 of the Complaint.

## AS TO THE "SEVENTH CAUSE OF ACTION"

117.    In response to the allegations set forth in paragraph 117 of the Complaint, defendants repeat and re-allege all of the preceding paragraphs of the answer, as if fully set forth herein.

118.    No response is required to paragraph 111 of the Complaint, but if a response is deemed required, state that the New York Penal Code speaks for itself.

119.    Deny the allegations set forth in paragraph 119 of the Complaint.

120.    Deny the allegations set forth in paragraph 120 of the Complaint.

121.    Deny the allegations set forth in paragraph 121 of the Complaint.

## AS TO THE "EIGHTH CAUSE OF ACTION"

122.    In response to the allegations set forth in paragraph 122 of the Complaint, defendants repeat and re-allege all of the preceding paragraphs of the answer, as if fully set forth herein.

123.    Deny the allegations set forth in paragraph 123 of the Complaint.

124.    Deny the remaining allegations of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

125.    The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

125.    There was probable cause for plaintiff's arrest, detention and prosecution.

## THIRD AFFIRMATIVE DEFENSE

127.    Any and all injuries and damages alleged in the Complaint were caused, in whole or in part, by plaintiff's culpable, negligent or intervening conduct and were not the proximate result of any act of defendants.

## FOURTH AFFIRMATIVE DEFENSE

128.    This action is barred, in whole or in part, by the doctrines of *res judicata* and collateral estoppel.

## FIFTH AFFIRMATIVE DEFENSE

129.    Defendants have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and, therefore, they are entitled to qualified immunity.

## SIXTH AFFIRMATIVE DEFENSE

130.    Punitive damages are not recoverable against The City of New York.  Punitive damages cannot be recovered against the other defendants and, if available, the amount of such

damages shall be limited by applicable state and federal law, including due process and other provisions of law.

## SEVENTH AFFIRMATIVE DEFENSE

131.    Defendants have not violated any rights, privileges or immunities secured to the plaintiff under the Constitution, the laws of the United States, the laws of the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress.

## EIGHTH AFFIRMATIVE DEFENSE

132.    At all times relevant to the acts alleged in the Complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

## NINTH AFFIRMATIVE DEFENSE

133.    At all times relevant to the acts alleged in the Complaint, Defendants acted reasonably in the proper and lawful exercise of their discretion.  Therefore, defendant The City of New York is entitled to governmental immunity from liability.

## TENTH AFFIRMATIVE DEFENSE

134.    Plaintiff's claims are barred, in whole or in part, by their failure to comply with the conditions precedent to suit including, but not limited to, New York General Municipal Law §§ 50-e and 50-i.

## ELEVENTH AFFIRMATIVE DEFENSE

135.    Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

## TWELFTH AFFIRMATIVE DEFENSE

136.    Plaintiff's claims are barred, in whole or in part, by the doctrine of absolute immunity.

## THIRTEENTH AFFIRMATIVE DEFENSE

137.    Process and service of process upon one or more of the defendants was insufficient.

## FOURTEENTH AFFIRMATIVE DEFENSE

138.    The Court lacks personal jurisdiction over one or more of the defendants.

## FIFTEENTH AFFIRMATIVE DEFENSE

139.    To the extent that defendants used any force, it was reasonable, necessary and justified to accomplish their official duties and to protect their own physical safety and the physical safety of others.

## SIXTEENTH AFFIRMATIVE DEFENSE

140.    Plaintiff failed to mitigate plaintiff's damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

141.    Plaintiff consented to the acts about which plaintiff complains.

## EIGHTEENTH AFFIRMATIVE DEFENSE

142.    Plaintiff's claims are barred, in whole or in part, by plaintiff's contributory or comparative negligence and by plaintiff's assumption of the risk.

## NINETEENTH AFFIRMATIVE DEFENSE

143.    Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver and estoppel.

## TWENTIETH AFFIRMATIVE DEFENSE

144.    Plaintiff lacks standing to demand declaratory or injunctive relief.


**WHEREFORE,** Defendant requests judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      November 16, 2007

                MICHAEL A. CARDOZO
                Corporation Counsel of the City of New York
                Attorney for Defendant City of New York
                100 Church Street
                Room 3-140
                New York, New York 10007
                (212) 672-1395

By: _____
                Curt P. Beck (CB 1766)
                Special Assistant Corporation Counsel